Form 151

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Marc D. Getty**
   Debtor(s)

Bankruptcy Case No.: 14−22839−CMB

Chapter: 13
Docket No.: 39 − 37
Concil. Conf.: September 28, 2017 at 01:30 PM

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that

on the __17th__ day of __August__, __2017__, I served a copy of the within *Order* together with the *Notice of Proposed Modification to Confirmed Plan* and the *Amended Plan* filed in this proceeding, by (describe the mode of service):

First Class U.S. Mail

on the respondent(s) at (list names and addresses here):

All creditors listed on the attached mailing matrix

Executed on __August 17, 2017__     __/s/ Kenneth Steidl__
                (Date)                               (Signature)

Steidl & Steinberg, P.C.
Suite 2830 - Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219

(Type Name and Mailing Address of Person Who Made Service)

```
Label Matrix for local noticing          Applied Bank                              Peter J. Ashcroft
0315-2                                   PO Box 17120                              Bernstein-Burkley, P.C.
Case 14-22839-CMB                        Wilmington, DE 19886-7120                 Suite 2200, Gulf Tower
WESTERN DISTRICT OF PENNSYLVANIA                                                   Pittsburgh, PA 15219-1900
Pittsburgh
Thu Aug 17 18:10:14 EDT 2017

Sherri J. Braunstein                     Capital One Bank                          Capital One Bank (USA), N.A.
Udren Law Offices, P.C.                  PO Box 71083                              PO Box 71083
Woodcrest Corporate Center               Charlotte, NC 28272-1083                  Charlotte, NC  28272-1083
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003-3620


Jennifer L. Cerce                        Credit Acceptance                         (p)CREDIT ACCEPTANCE CORPORATION
Maiello Brungo & Maiello                 25505 West Twelve Mile Rd                 25505 WEST 12 MILE ROAD
Southside Works                          Suite 3000                                SOUTHFIELD MI 48034-8316
424 S. 27th Street, Ste 210              Southfield, MI 48034-8331
Pittsburgh, PA 15203-2380


Denovus                                  Department of Education / Sallie Mae     Joseph A. Dessoye
2121 Noblestown Road                     PO Box 9533                               Phelan Hallinan Diamond & Jones, LLP
Pittsburgh, PA 15205-3956                Wilkes Barre, PA 18773-9533               Omni William Penn Office Tower
                                                                                   555 Grant Street, Suite 300
                                                                                   Pittsburgh, PA 15219-4408


Duquesne Light Company                   Marc D. Getty                             Andrew F Gornall
c/o Peter J. Ashcroft                    2756 Ford Avenue                          KML Law Group, P.C.
2200 Gulf Tower                          Pittsburgh, PA 15235-3617                 701 Market Street
Pittsburgh, PA 15219                                                               Suite 5000
                                                                                   Philadelphia, PA 19106-1541


Navient Solutions Inc. on behalf of      Navient Solutions, Inc. on behalf of USAF Northland Group Inc.
Department of Education Services         Attn: Bankruptcy Litigation Unit E3149    P.O. Box 390846
P.O. Box 9635                            P.O. Box 9430                             Minneapolis, MN 55439-0846
Wilkes-Barre PA. 18773-9635              Wilkes-Barre, PA 18773-9430


Ocwen                                    Ocwen Loan Servicing                      Ocwen Loan Servicing, LLC
6716 Grade Lane                          P.O. Box 4622                             Attn: Cashiering Department
Building 9, Suite 910                    Waterloo, IA 50704-4622                   1661 Worthington RD., Suite 100
Louisville, KY 40213-3410                                                          West Palm Beach, FL 33409-6493


Office of the United States Trustee      Penn Hills                                Penn Hills School District
Liberty Center.                          c/o Maiello Brungo & Maiello              c/o Maiello, Brungo & Maiello, LLP
1001 Liberty Avenue, Suite 970           3301 McCrady Road                         3301 McCrady Road
Pittsburgh, PA 15222-3721                Pittsburgh, PA 15235-5137                 Pittsburgh, PA 15235-5137


Pennsylvania Dept. of Revenue            Pontus Capital                            Pontus Capital, LLC
Department 280946                        875 Prospect St #303                      875 Prospect St, Suite 303
P.O. Box 280946                          La Jolla, CA 92037-4264                   La Jolla, CA 92037-4264
ATTN: BANKRUPTCY DIVISION
Harrisburg, PA 17128-0946


Pontus Investment Portfolio III, LLC     Quantum3 Group LLC as agent for           Joseph P. Schalk
FCI Lender Services                      Sadino Funding LLC                        Phelan Hallinan Diamond & Jones, LLP
8180 East Kaiser Blvd.                   PO Box 788                                Omni William Penn Office Tower
Anaheim Hills, CA 92808-2277             Kirkland, WA  98083-0788                  555 Grant Street, Suite 300
                                                                                   Pittsburgh, PA 15219-4408
```

| | | |
|---|---|---|
| Kenneth Steidl<br>Steidl & Steinberg<br>Suite 2830 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219-1908 | James Warmbrodt<br>KML Law Group, P.C.<br>701 Market Street<br>Suite 5000<br>Philadelphia, PA 19106-1541 | Elizabeth Lamont Wassall<br>Udren Law Offices, P.C.<br>111 Woodcrest Road<br>Cherry Hill, NJ 08003-3620 |
| Ronda J. Winnecour<br>Suite 3250, USX Tower<br>600 Grant Street<br>Pittsburgh, PA 15219-2702 | Stuart P. Winneg<br>Udren Law Offices<br>111 Woodcrest Road<br>Cherry Hill, NJ 08003-3620 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Credit Acceptance Corporation
25505 West Twelve Mile Road
Southfield, MI 48034

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ocwen Loan Servicing, LLC | (u)PONTUS INVESTMENT PORTFOLIO III, LLC | End of Label Matrix<br>Mailable recipients    34<br>Bypassed recipients     2<br>Total                   36 |

Form 222

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Marc D. Getty**
    Debtor(s)

Bankruptcy Case No.: 14−22839−CMB

Chapter: 13
Docket No.: 39 − 37
Concil. Conf.: September 28, 2017 at 01:30 PM

## ORDER

    **IT IS HEREBY ORDERED** that, the Debtor(s) shall immediately serve a copy of this *Order,* the *Notice of Proposed Modification to Confirmed Plan* and the *Amended Plan Dated August 8, 2017* on the Chapter 13 Trustee and all parties on the mailing matrix and complete and file the accompanying *Certificate of Service* with the Clerk.

    On or before **September 14, 2017,** all *Objections* must be filed and served on the Debtor(s), Chapter 13 Trustee and any creditor whose claim is the subject of the *Objection.* Untimely *objections* will not be considered.

    On **September 28, 2017** at **01:30 PM,** a Conciliation Conference on the Debtor(s)' *Amended Plan* shall occur with the Chapter 13 Trustee at 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

    If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

Dated: August 10, 2017

*Carlota M. Böhm*
Carlota M. Böhm, Judge
United States Bankruptcy Court

cm: Debtor(s) and/or Debtor(s)' counsel

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-22839-CMB |
| | ) | |
| Marc C. Getty, | ) | Chapter 13 |
| *Debtor(s)* | ) | Related to Docket No. 5 |
| | ) | |
| | ) | Docket No. |
| Marc C. Getty, | ) | |
| *Movant(s)* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Credit Acceptance, Penn Hills, Navient Solutions, | ) | |
| Capital One Bank USA NA, Quantum3 Group, | ) | |
| Pontus Capital LLC, Ocwen Loan Servicing, | ) | |
| Office of the United States Trustee and | ) | |
| Ronda J. Winnecour, Esq., Chapter 13 Trustee | ) | |
| *Respondents* | ) | |

**NOTICE OF PROPOSED MODIFICATION TO**
**CONFIRMED PLAN DATED JUNE 9, 2014**

The Debtor(s) hereby file this Motion to Modify Confirmed Plan, and in support hereof avers as follows:

1. Pursuant to *11 U.S.C. § 1329,* The Debtor has filed an Amended Chapter 13 Plan dated April 23, 2012. Pursuant to the Amended Chapter 13 Plan, the Debtors seek to modify the confirmed Plan in the following particulars:

   Student Loans have now been decreased from the original payment amount down to a total repayment of 3% due to a $25,000.00 per year decrease in combined household income.

   Steidl and Steinberg, P.C. has requested payment for post-petition fees and costs totaling $900.00: therefore, they will receive an additional $900.00 if approved by this honorable court. Steidl & Steinberg has already been approved for funds in the amount of $2,500.00: therefore, this will bring the total payable under the plan to $3,400.00.

2. The proposed modification to the confirmed Plan will impact treatment of the claims of the following creditors, and in the following particulars:

        Student Loans have now been decreased from the original payment amount down to a total repayment of 3% due to a $25,000.00 per year decrease in combined household income.

        Steidl and Steinberg, P.C. has requested payment for post-petition fees and costs totaling $900.00: therefore, they will receive an additional $900.00 if approved by this honorable court. This will bring the total payable under the plan to $3,400.00.

3. Debtor submits that the reasons for the modification are as follows: The Debtor's Spouse is no longer employed and has not been for some time now. He is amending his plan due to a $25,000.00 per year decrease in combined household income. His Spouse currently has no form of income of any kind. In addition, the Debtor is currently $9,332.00 in arrears due to this decrease in income and he wishes to help bring the payments current through the amended plan. Amended Schedules I & J have both been filed duly with this motion.

4. The Debtor submits that the requested modification is being proposed in good faith, and not for any means prohibited by applicable law. The Debtor further certifies that the proposed modification complies with 11 U.S.C. Sections 1322(a), 1322(b), 1325(a) and 1329 and, except as set forth above, there are no other modifications sought by way of the Amended Chapter 13 Plan.

WHEREFORE, the Debtors respectfully request that the Court enter an Order confirming the Amended Chapter 13 Plan, and for such other relief the Court deems equitable and just.

RESPECTFULLY SUBMITTED, this 9th day of August 2017.

        /s/ Kenneth Steidl
        Kenneth Steidl, Esquire
        Attorney for the Debtor(s)
        STEIDL & STEINBERG, P.C.
        Suite 2830 – Gulf Tower
        707 Grant Street
        Pittsburgh, PA  15219
        (412) 391-8000
        PA I. D. No.  34965
        ken.steidl@steidl-steinberg.com

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number: **14-22839**

Debtor#1: **Marc D. Getty**                              Last Four (4) Digits of SSN: **7960**

Debtor#2: _____                          Last Four (4) Digits of SSN: ____

*Check if applicable*   **X  Amended Plan**    ☐ **Plan expected to be completed within the next 12 months**

### AMENDED CHAPTER 13 PLAN DATED AUGUST 8, 2017

**PLAN FUNDING**

Total amount of **$1,630.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $_____ | **$1,630.00**_____ | $_____ |
| D#2 | $_____ | $_____ | $_____ |

(Income attachments must be used by Debtors having attachable income)                (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**: no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
   i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
   ii. The original plan term has been extended by _____months for a total of _____months from the original plan filing date;
   iii. The payment shall be changed effective_____.
   iv. The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____from the sale of this property (describe) _____. All sales shall be completed by_____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*     Unpaid filing fees.
*Level Two:*     Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate   protection payments.
*Level Three:*   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
*Level Four:*    Priority Domestic Support Obligations.
*Level Five:*    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Six:*     All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Seven:*   Allowed general unsecured claims.
*Level Eight:*   Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1.  UNPAID FILING FEES**  _____

Filing fees: the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**PAWB Local Form 10 (07/13)**                                                                                             **Page 1 of 6**
**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.*  Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C).  Distributions prior to final

plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **Ocwen Financial** | **2756 Ford Avenue, Pittsburgh PA 15235** | **$477.20** | **$537.38** |
| **Ponteus Capital** | **2756 Ford Avenue, Pittsburgh PA 15235** | **$358.00** | **$22,696.77** |
| | | | |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

| | | | |
|---|---|---|---|
| | | | |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **Credit Acceptance Corporation** | **2006 Chevrolet Equinox** | **$364.54** | **$9,174.16** | **16.97%** |
| | | | | |
| | | | | |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| | | | | |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| | | | | |
| | | | | |

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
|  |  |
|  |  |
|  |  |

**8. LEASES.  Leases provided for in this section are assumed by the debtor(s).  Provide the number of lease payments to be made by the Trustee**.

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

**9.  SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

PAWB Local Form 10 (07/13)                                                                                                                   Page 3 of 6

**10.  PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court

orders. If this payment is for prepetition arrearages only, check here: ☐  As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **Penn Hills** | **$10,521.31** | **Earned Income** |  | **1998 – 2000, 2003 – 2011** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
 a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
 b. Attorney fees are payable to **Steidl & Steinberg, P.C.**. In addition to a retainer of **$600.00** already paid by or on behalf of the Debtor, the amount of **$2,500.00** is to be paid at the rate of **$200.00** per month. Including any retainer paid, a total of $_____ has been approved pursuant to a fee application. An additional **$900.00** will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

PAWB Local Form 10 (07/13)                                                                                                                                             Page 4 of 6

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |

**15.   CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$3,056.00** will be available for distribution to unsecured, non-priority creditors.  Debtor(s) UNDERSTAND that a MINIMUM of **$0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation.  The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors.  Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion.  The estimated percentage of payment to general unsecured creditors is **3%.**  The percentage of payment may change, based upon the total amount of allowed claims.  Late-filed claims will not be paid unless all timely filed claims have been paid in full.  Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim.  Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

      This is the voluntary Chapter 13 reorganization plan of the Debtor (s).  The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved.  Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

      The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors.  Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

      As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

      All pre-petition debts are paid through the Trustee.  Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

      Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee.  The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan.  The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

      The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004.  Proofs of claim by the Trustee will not be required.  The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.  If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**PAWB Local Form 10 (07/13)**                                                                                                                                    **Page 5 of 6**

      Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy

law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record,  (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.  FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature  __/s/ Kenneth Steidl_____

Attorney Name and Pa. ID #: **Kenneth Steidl – P.A. ID # 34965**

Attorney Address and Phone: **Suite 2830-Gulf Tower, 707 Grant Street**
                            **Pittsburgh, PA 15219 – 412-391-8000**

Debtor Signature  __/s/ Marc C. Getty_____

Debtor Signature_____