**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Marc D. Getty**
Debtor(s)

Bankruptcy Case No.: 14−22839−CMB
Issued Per Nov. 16, 2017 Proceeding
Chapter: 13
Docket No.: 46 − 42, 45
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated October 18, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: The secured claim of Ocwen Loan Servicing at Claim No. 9 shall govern as to prepetition arrears, and the monthly post−petition payment shall be based on allowed payment changes of record.
The student loan claims listed in Part 15 of the plan shall be paid as long term debts.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: November 27, 2017

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 14-22839-CMB
Marc D. Getty                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2        User: jhel          Page 1 of 2          Date Rcvd: Nov 27, 2017
                            Form ID: 149        Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 29, 2017.
db             +Marc D. Getty,    2756 Ford Avenue,    Pittsburgh, PA 15235-3617
cr              Duquesne Light Company,    c/o Peter J. Ashcroft,    2200 Gulf Tower,    Pittsburgh, PA 15219
13887871       ++CREDIT ACCEPTANCE CORPORATION,     25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
                (address filed with court: Credit Acceptance Corporation,     25505 West Twelve Mile Road,
                  Southfield, MI 48034)
13887870       +Capital One Bank,    PO Box 71083,    Charlotte, NC 28272-1083
13914259        Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
13888382       +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
13887872       +Denovus,    2121 Noblestown Road,    Pittsburgh, PA 15205-3956
13887873        Department of Education / Sallie Mae,    PO Box 9533,    Wilkes Barre, PA 18773-9533
13962705        Navient Solutions Inc. on behalf of,    Department of Education Services,    P.O. Box 9635,
                  Wilkes-Barre PA. 18773-9635
13887874       +Northland Group Inc.,    P.O. Box 390846,    Minneapolis, MN 55439-0846
13887875       +Ocwen,   6716 Grade Lane,    Building 9, Suite 910,    Louisville, KY 40213-3410
13887876        Ocwen Loan Servicing,    P.O. Box 4622,    Waterloo, IA 50704-4622
13887877       +Penn Hills,   c/o Maiello Brungo & Maiello,    3301 McCrady Road,    Pittsburgh, PA 15235-5137
13887878       +Pontus Capital,    875 Prospect St #303,    La Jolla, CA 92037-4264
13955818       +Pontus Capital, LLC,    875 Prospect St, Suite 303,    La Jolla, CA 92037-4264
13887879       +Pontus Investment Portfolio III, LLC,    FCI Lender Services,    8180 East Kaiser Blvd.,
                  Anaheim Hills, CA 92808-2277

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13887869        E-mail/Text: bnc-applied@quantum3group.com Nov 28 2017 01:00:48     Applied Bank,
                  PO Box 17120,    Wilmington, DE 19886-7120
13909156        E-mail/PDF: pa_dc_litigation@navient.com Nov 28 2017 00:58:33
                  Navient Solutions, Inc. on behalf of USAF,    Attn: Bankruptcy Litigation Unit E3149,
                  P.O. Box 9430,    Wilkes-Barre, PA 18773-9430
14153537       +Fax: 407-737-5634 Nov 28 2017 01:39:36      Ocwen Loan Servicing, LLC,
                  Attn: Cashiering Department,    1661 Worthington RD., Suite 100,
                  West Palm Beach, FL 33409-6493
13915851        E-mail/Text: bnc-quantum@quantum3group.com Nov 28 2017 01:00:04
                  Quantum3 Group LLC as agent for,    Sadino Funding LLC,    PO Box 788,
                  Kirkland, WA  98083-0788
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Ocwen Loan Servicing, LLC
cr              PONTUS INVESTMENT PORTFOLIO III, LLC
cr             ##+Penn Hills School District,    c/o Maiello, Brungo & Maiello, LLP,    3301 McCrady Road,
                  Pittsburgh, PA 15235-5137
                                                                                   TOTALS: 2, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 29, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2          User: jhel                  Page 2 of 2              Date Rcvd: Nov 27, 2017
                              Form ID: 149                Total Noticed: 20
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 27, 2017 at the address(es) listed below:

        Andrew F Gornall   on behalf of Creditor   PONTUS INVESTMENT PORTFOLIO III, LLC
         agornall@goldbecklaw.com,  bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
        Elizabeth Lamont Wassall   on behalf of Creditor   Ocwen Loan Servicing, LLC vbarber@udren.com
        James Warmbrodt   on behalf of Creditor   PONTUS INVESTMENT PORTFOLIO III, LLC
         bkgroup@kmllawgroup.com
        Jennifer L. Cerce   on behalf of Creditor   Penn Hills School District jlc@mbm-law.net
        Joseph A. Dessoye   on behalf of Creditor   Ocwen Loan Servicing, LLC pawb@fedphe.com
        Joseph P. Schalk   on behalf of Creditor   Ocwen Loan Servicing, LLC jschalk@barley.com,
         sromig@barley.com
        Kenneth Steidl   on behalf of Debtor Marc D. Getty julie.steidl@steidl-steinberg.com,
         ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;leslie.
         nebel@steidl-steinberg.com;todd@steidl-steinberg.com;cgoga@steidl-steinberg.com;jbarlow@steidl-st
         einberg.com
        Office of the United States Trustee   ustpregion03.pi.ecf@usdoj.gov
        Peter J. Ashcroft   on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com,
         ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
        Ronda J. Winnecour   cmecf@chapter13trusteewdpa.com
        Sherri J. Braunstein   on behalf of Creditor   Ocwen Loan Servicing, LLC pawb@fedphe.com,
         sherri.braunstein@phelanhallinan.com
        Stuart P. Winneg   on behalf of Creditor   Ocwen Loan Servicing, LLC swinneg@udren.com,
         cblack@udren.com
        Thomas Song   on behalf of Creditor   Ocwen Loan Servicing, LLC thomas.song@phelanhallinan.com
                                                                                                                                               TOTAL: 13